UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| | ) | |
| IN RE: YASMIN AND YAZ (DROSPIRENONE) | ) | 3:09-md-02100-DRH-PMF |
| MARKETING, SALES PRACTICES AND PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | MDL No. 2100 |
| | ) | |

This Document Relates to:

ALL CASES

ORDER #7
CASE MANAGEMENT
(Order Concerning the Handling of Confidential Information)

I.   Scope of Order

A.   Disclosure and discovery activity in this proceeding, including any appeal, may involve production of confidential, proprietary, and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order").

B.   This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during this proceeding, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, to this proceeding (the "Producing Party") to any other party, (the "Receiving Party").  This Protective Order is binding upon all parties at the time that this Protective Order is entered in the *In re*

1

*Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation* (S.D. Ill., MDL No. 2100), including their respective corporate parents, subsidiaries, affiliates, and third party contractors, and their respective attorneys, principals, experts, consultants, representatives, directors, officers, employees, and others as set forth in this Protective Order.

C.      Third Parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for purposes of this Protective Order.

D.      The entry of this Protective Order does not preclude any party from seeking a further order of this Court pursuant to Fed. R. Civ. P. 26(c).

E.      Nothing herein shall be construed to affect in any manner the admissibility at trial or in any other Court proceeding of any document, testimony, or other evidence.

F.      Nothing in this Order shall prevent Plaintiffs' counsel from showing "Confidential Information" or "Highly Confidential" Information to the witness at the deposition of any former Bayer employee who currently works for a company that may otherwise preclude the receipt of "Confidential Information" or "Highly Confidential" Information by that witness had he or she not been formerly employed by Bayer.  The witness, however, must treat any such documents according to the terms of this Protective Order.  Use of documents in that fashion is governed by Sections III.A.6 and III.B.6, below.

This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the specific information or items that are entitled to protection under the applicable legal principles for treatment as confidential.  By designating any Discovery Material as Confidential Information, counsel producing such material is certifying to

the Court that the material is entitled to confidentiality protection under Fed. R. Civ. P. 26 and the terms of this Order.

## II.  Designation and Redaction of Confidential Information and Highly Confidential Information

"Discovery Material" as used herein means any information, document, or tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof.  To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("Computerized Material") is produced by any party in such form, the Producing Party may designate such matters as confidential by a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the media.  Whenever any party to whom Computerized Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the corresponding "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

B.     **Discovery Material Protected under German Law.**  Any entity organized under the laws of Germany that becomes a party to this litigation may designate as CONFIDENTIAL those documents (including electronic or paper form) containing "personal data" within the meaning of the German Federal Data Protection Act, the confidentiality of which is protected under German law.  "Personal data" consists of any and all data that concerns an identified person or a person who is identifiable with recourse to additional information available to the data processor (*e.g.*, reference to an individual by his/her title or position within

the company whose identity is specified in other available sources of information).  In particular, this provision applies to the following documents:

      1.     any correspondence (electronic or paper form) that identifies or through recourse to other sources of information available to the data processor allows identification of its author(s)/sender(s) and/or its addressees/recipients, (*e.g.*, all email correspondence, letters and faxes, including transmission reports);

      2.     any document, such as memoranda, notes, and presentations, if it identifies or allows identification of its author/sender and/or its addressee/recipient through recourse to other information available to the data processor;

      3.     minutes of internal or external meetings as far as they include information about which individual(s) did or did not attend the meeting;

      4.     personnel records and information; and

      5.     any document containing private medical information.

C.     "Competitor" as used herein shall mean any company, other than the Producing Party, that is engaged in the design, manufacture or marketing of any oral contraceptive.  For the purposes of this definition, "marketing" does not include distribution activities undertaken by pharmaceutical distribution companies or pharmacies.

D.     "Confidential Information" as used herein means any information that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, whether it is a

4

document (electronic or otherwise), information contained in a document, information revealed

during a deposition or testimony, information revealed in an interrogatory response, or

information otherwise revealed.  Any transcript of an *in camera* proceeding shall be treated as

confidential pursuant to this Order.  In designating discovery materials as "CONFIDENTIAL-

SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-SUBJECT TO

PROTECTIVE ORDER," the Producing Party shall do so in good faith, consistent with the

provisions of this Protective Order and rulings of the Court.  Nothing contained herein shall be

construed to allow for global designations of all material or documents produced as

"Confidential" or "Highly Confidential."  Documents not designated as "CONFIDENTIAL —

SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" are not Confidential Information as that term is defined herein.

   E. "Highly Confidential Information" as used herein means Confidential Information

which, if disclosed to a Competitor, could result in possible antitrust violations or substantial

business harm by revealing proprietary licensing, marketing, design, development, research,

manufacturing or business strategy information regarding products or medicines relating to this

lawsuit.  Nonexclusive examples of such Highly Confidential materials include, strategic plans,

marketing plans, brand plans, documents setting forth marketing and sales tactics and strategies

and documents revealing pricing or other contractual data.  In designating discovery materials as

Highly Confidential Information, the Producing Party shall do so in good faith consistent with

the provisions of this Protective Order and rulings of the Court.  Nothing herein shall be

construed to allow for global designations of all documents as "Highly Confidential."   The

designation of any information as "Highly Confidential" shall have no impact on the manner in

which the Plaintiffs may use that information during this litigation including at depositions of any witness, trial, appeal, in motions, etc, except as set forth in this Order   As set forth below, the designation of discovery material as "Highly Confidential" does, however, restrict   a co-defendant receiving party's counsel from   sharing   that discovery material with his or her client.

F.       Specific documents and discovery responses produced by the Producing Party shall, if appropriate, be designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" by marking the pages of the document that contain Confidential Information in the margin or header/footer of the document in a manner that does not interfere with the document's legibility and does not obscure or cover any of the document's text or information, as follows: "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." or "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER.

G.       Information disclosed at a deposition taken in connection with this proceeding may be designated as Confidential Information or Highly Confidential by designating the portions of the transcript in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Producing Party's receipt of the final transcript of a deposition.  The court reporter will indicate the portions designated as confidential and segregate them as appropriate.  Designations of transcripts will apply to audio, video, or other recordings of the testimony.  The court reporter shall clearly mark any transcript released before the expiration of the thirty-day (30-day) period as "Highly Confidential – Subject to Further Confidentiality Review" in the margin of the transcript so as not to obscure or cover any text. Such transcripts will be treated as Highly Confidential Information until the expiration of the thirty-day (30-day) period.  If the Producing Party does not serve a designation letter within the

thirty-day (30-day) period, then the entire transcript will be deemed not to contain Confidential

Information or Highly Confidential Information and the "Highly Confidential – Subject to

Further Confidentiality Review" legend shall be removed.

      H.     Any party in this proceeding may designate as Confidential Information or Highly

Confidential any document or information produced by, or testimony given by, any other person

or entity that the party reasonably believes qualifies as such party's Confidential Information or

Highly Confidential Information under this Protective Order.  If any third party produced

information that any party in good faith believes constitutes its Confidential Information or

Highly Confidential Information, the party claiming confidentiality shall designate the

information as such within thirty (30) calendar days of its receipt of such information.  Any party

receiving information from a third party shall treat such information as confidential during this

thirty-day (30-day) period while all parties have an opportunity to review the information and

determine whether it should be designated as confidential.  Any party designating third party

information as Confidential or Highly Confidential shall have the same rights as a Producing

Party under this Order with respect to such information.

      I.     This Protective Order shall not be construed to protect from production or to

permit the designation as "Confidential Information" or "Highly Confidential" of any document

or other material that (a) the party has not made reasonable efforts to keep confidential, or (b) is

at the time of production or disclosure, or subsequently becomes, through no wrongful act on the

part of the Receiving Party, generally available to the public through publication or otherwise.

      J.     To the extent that matter stored or recorded in the form of electronic or magnetic

media (including information, files, databases, or programs stored on any digital or analog

machine-readable device, computers, Internet websites, discs, networks or tapes)

("Computerized Material") is produced by any party in such form, the Producing Party may

designate such matters as confidential by cover letter referring generally to such matter.

Whenever any party to whom Computerized Material designated as confidential is produced

reduces such material to hard copy form, that party shall mark the hard copy form with the

"Confidential" or "Highly Confidential" designation.

**III.     Access to Confidential Information**

      A.     In the absence of written permission from the Producing Party or an order of the

Court, any Confidential Information produced in accordance with the provisions of this

Protective Order shall be used solely for the purposes of this proceeding (except as provided in

paragraph III(A)(9)) and its contents shall not be disclosed to any person other than:

        1.     the Receiving Party;

        2.     counsel for the Receiving Party (including all members of counsel's staff),

including outside counsel (consisting of any law firm or attorney that

represents any Defendant) and any in-house counsel (consisting of

attorney employees of any Defendant), and the attorneys, paralegals,

stenographic, and clerical staff employed by such counsel to whom it is

reasonably necessary to disclose the Information for purposes of the

litigation;

        3.     with respect to any Confidential Information produced by any plaintiff or

third party with respect to plaintiff, any employee or agent of the

Receiving Party to whom it is reasonably necessary to disclose such

information;

4.      independent consultants and/or experts, employed and/or formally retained to advise or to assist counsel in the preparation and/or trial of this Litigation;

5.      stenographic employees and court reporters recording or transcribing testimony in this proceeding;

6.      the Receiving Party may show Confidential Information to any witness during a deposition, hearing, or trial if such person or persons execute the Acknowledgment that is attached hereto as Exhibit A or otherwise affirms on the record not to disclose such confidential material to anyone outside the deposition, hearing or trial. Confidential Information shown to any witness during a deposition shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.  If after a deposition is noticed or a hearing or trial is set, the Producing Party objects to Confidential Information being shown to that witness, the Producing Party shall attempt to confer with counsel to resolve the issue. If counsel is unable to resolve the issue themselves, counsel may seek an order from the Court prohibiting or limiting such use or for other relief. Following a deposition, the parties will comply with the provisions set forth in Section II(F);

7.      the Court, any Special Master appointed by the Court, any state Court

conducting related proceedings, and any members of their staffs to whom it is necessary to disclose the information;

8.    vendor agents retained by the parties or counsel for the parties;

9.    any attorney of record for claimants in other pending U.S. litigation alleging personal injury or economic loss arising from the alleged use, purchase, or payment of Yaz / Yasmin / Ocella for use in such other Yaz / Yasmin / Ocella action, provided that the proposed recipient is: (a) already operating under a stipulated Confidentiality Order in another Yaz / Yasmin / Ocella action; or (b) agrees to be bound by this Order; executes the Acknowledgment that is attached hereto as Exhibit A; and

10.    plaintiffs' treating physicians, nurse practitioners, or other medical professionals who treated plaintiffs (and their respective staffs).

B.    In the absence of written permission from the Producing Party or an order of the Court, any Highly Confidential Information produced in accordance with the provisions of this Protective Order shall be used solely for the purposes of this proceeding (except as provided in paragraph III(B)(9)) and its contents shall not be disclosed to any person other than:

1.    the Receiving Party.  However, if the Receiving Party is a co-Defendant or a Competitor of the Producing Party, the Receiving Party may not receive Highly Confidential Information, except as provided by Paragraph III(B)(2);

2.    outside counsel for the Receiving Party (including all members of counsel's staff), including the attorneys, paralegals, stenographic, and

10

clerical staff employed by such outside counsel to whom it is reasonably necessary to disclose the Information for purposes of the Litigation;

3.      independent consultants and/or experts, employed and/or formally retained to advise or to assist counsel in the preparation and/or trial of this Litigation;

5.      stenographic employees and court reporters recording or transcribing testimony in this proceeding;

6.      the Receiving Party may show Highly Confidential Information to any witness during a deposition, hearing, or trial if such person or persons execute the Acknowledgment that is attached hereto as Exhibit A or otherwise affirms on the record not to disclose such Highly Confidential Information to anyone outside the deposition.  Highly Confidential Information shown to any witness during a deposition shall not lose its Highly Confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.  If after a deposition is noticed or a hearing or trial is set, the Producing Party objects to Highly Confidential Information being shown to that witness, the Producing Party shall attempt to confer with the Producing party before the deposition, hearing or trial to resolve the issue.  If counsel is unable to resolve the issue themselves, counsel may seek an order from the Court prohibiting or limiting such use or for other relief.  Following a deposition, the parties will comply with

11

the provisions set forth in Section II(F);

7.     the Court, any Special Master appointed by the Court, any state Court conducting related proceedings, and any members of their staffs to whom it is necessary to disclose the information;

8.     vendor agents retained by the parties or counsel for the parties;

9.     any attorney of record for claimants in other pending U.S. litigation alleging personal injury or economic loss arising from the alleged use, purchase, or payment of Yaz / Yasmin / Ocella for use in such other Yaz / Yasmin / Ocella action, provided that the proposed recipient is: (a) already operating under a  Confidentiality Order in another Yaz / Yasmin / Ocella action; or (b) agrees to be bound by this Order and executes the Acknowledgment that is attached hereto as Exhibit A, and

10.     plaintiffs' treating physicians, nurse practitioners, or other medical professionals who treated plaintiffs (and their respective staffs).

C.     Disclosure of Confidential Information or Highly Confidential Information to Current Employees of Competitors:

1.     Before disclosing Confidential Information or Highly Confidential Information to any person who is a current employee of a pharmaceutical manufacturer or distributor (other than Bayer) of oral contraceptives , the party wishing to make such disclosure shall provide the counsel who designated such information as Confidential or Highly Confidential with notice of their intention to share Confidential Information with such person.  The notice,

12

which may be provided by e-mail, shall contain information concerning

the proposed recipient that does not identify the proposed recipient but is

sufficient to permit an informed decision to be made with respect to any

potential objection to the provision of Confidential or Highly Confidential

information to that individual.  The Producing party shall have ten (10)

days from receipt of the notice to deliver to the notifying party its good-

faith written objections, which may be provided by e-mail, to such

disclosure.  Absent timely objections, the expert or consultant shall be

permitted to receive Confidential Information.  If there is no consent to the

disclosure, within five (5) days of serving its objections, the party

objecting to the disclosure may seek a protective order from the Court and

failure to timely seek a protective order shall result in the proposed

recipient being permitted to receive Confidential or Highly Confidential

Information.  As part of that motion, the objecting party will have an

opportunity to (1) request that the Court direct the party wishing to make

disclosure to produce additional information about the proposed recipient

and (2) submit any other papers and argument necessary to allow the

Court to make an informed decision.  It shall be the burden of the party

seeking to prevent such disclosure to demonstrate good cause for

prohibiting disclosure.  Once the party objecting to disclosure files a

motion for a protective order, the party seeking disclosure may not

disclose any Confidential Information or Highly Confidential to the

13

proposed recipient unless and until the Court has permitted such

disclosure and ten days have elapsed after the appeal period from any such

order.  If the Court allows disclosure of the Confidential Information or

Highly Confidential, the information shall remain Confidential

Information or Highly Confidential and the proposed recipient shall be

bound by this Order.

2.       This section shall not apply to documents shown during a deposition,

which shall be governed by Paragraph 1 III. A. 6 and III. B. 6., above.

D.       Prior to the disclosure of any Confidential Information or Highly Confidential

Information to any person identified above, each putative recipient of Confidential Information

or Highly Confidential Information shall be provided with a copy of this Protective Order, which

he or she shall read.  Upon reading this Protective Order, such person shall sign an

Acknowledgment, in the form annexed hereto as Exhibit A, acknowledging that he or she has

read this Protective Order and shall abide by its terms.  Outside Counsel to the Parties in this

matter, the Court, and the Court's staff and official court reporter(s) are not required to sign an

acknowledgement.  These Acknowledgments are strictly confidential.  Counsel for each party

shall maintain the Acknowledgments without giving copies to the other side.  The parties

expressly agree, and it is hereby Ordered that, except in the event of a violation of this Protective

Order, there will be no attempt to seek copies of the Acknowledgments or to determine the

identities of persons signing them.  If the Court finds that any disclosure is necessary to

investigate a violation of this Protective Order, such disclosure will be pursuant to separate Court

Order.  Persons who come into contact with Confidential Information or Highly Confidential

14

Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Acknowledgements but must comply with the terms of this Protective Order.  This section shall not apply to documents shown during a deposition, which shall be governed by Paragraph III. A. 6, above.

      E.      With respect to Plaintiffs' use of documents produced to plaintiffs, documents designated as Highly Confidential will be treated in the same manner as documents designated Confidential, except that Plaintiffs may not disclose Highly Confidential Information to In-House Counsel, and/or current employees of any Competitor of the Producing Party, unless that person is a former employee of Bayer as permitted in ¶ I. F.

      F.      Disclosure of Confidential Information or Highly Confidential Information beyond the terms of this Protective Order may be made only if the Producing Party who designated the material as confidential consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

      G.      The terms of this Order shall not apply to any publicly available information or documents.

**V.**     **Filing of Confidential Information with the Court**

Where a party seeks to file a pleading or motion that contains Confidential Information, that party shall file under seal any Confidential or Highly Confidential Information consistent with applicable law and local practice.  When submitting deposition testimony that has been designated as Confidential or Highly Confidential Information the filing party shall, to the extent reasonably possible, attach or reference only the first page of the transcript and those pages of deposition transcript that are being relied upon by the filing party.   A courtesy copy of any documents filed under seal shall be provided to the Judge's chambers in a sealed envelope.

**VI.**    **Protection and Use of Confidential Information**

A.     Persons receiving or having knowledge of Confidential Information by virtue of their participation in this proceeding, or by virtue of obtaining any documents or other Confidential Information or Highly Confidential Information produced or disclosed under this Protective Order, shall use the Confidential Information or Highly Confidential only as permitted by this Protective Order.  Counsel shall take reasonable steps to assure the security of any Confidential Information or Highly Confidential Information and will limit access to Confidential Information or Highly Confidential Information to those persons authorized by this Protective Order.

B.     Nothing herein shall restrict any party's counsel from rendering advice to its clients with respect to this proceeding or a related action in which the Receiving Party is permitted by this Order to use Confidential Information or Highly Confidential Information , and in the course thereof, rely upon Confidential Information or Highly Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential

16

Information or Highly Confidential Information other than in a manner provided for in this Protective Order.

C.      Nothing herein shall restrict a person qualified to receive Confidential Information or Highly Confidential Information under this Protective Order from making working copies, abstracts, digests, and analyses of such information for use in connection with this proceeding and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Protective Order.  A qualified recipient shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information; shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) and information are returned and surrendered.  Nothing in this agreement requires the Receiving Party's counsel to disclose work product at the conclusion of the case.

D.      Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information or Highly Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

E.      Any party that is served with a subpoena or other notice compelling the production of Confidential Information or Highly Confidential Information produced by another party must immediately give written notice of such subpoena or other notice to the original Producing Party. Upon receiving such notice, the original Producing Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

F.      If a Receiving Party learns of any unauthorized disclosure of Confidential Information or Highly Confidential Information by parties or counsel in this MDL, it shall immediately inform the Court in writing of all pertinent facts relating to such disclosure.

G.      Within thirty (30) calendar days of the conclusion of any attorney's last case in this proceeding, including any appeals related thereto, at the written request of the Producing Party, such attorney and any persons to whom he or she disclosed Confidential Information and Highly Confidential Information under this Order shall, at the Receiving Party's option, either (a) destroy or (b) return and surrender any Confidential Information or Highly Confidential Information or copies thereof to the Producing Party at the Producing Party's expense.  If returning materials, such persons shall return or surrender any Confidential Information and Highly Confidential Information produced by the Producing Party and any and all copies (electronic or otherwise), summaries, notes, compilations, and memoranda related thereto; provided, however, that counsel may retain their privileged communications, work product, Acknowledgments pursuant to this Protective Order, materials required to be retained by applicable law, and all court-filed documents even though they contain Confidential Information or Highly Confidential Information produced by the Producing Party, but such retained privileged communications and work product shall remain subject to the terms of this Protective Order.  At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing Confidential Information or Highly Confidential Information produced by the Producing Party shall deliver to the Producing Party a certification that reasonable efforts have been made to assure that all such Confidential Information or Highly

18

Confidential Information produced by the Producing Party and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Producing Party (except for privileged communications, work product and court-filed documents as stated above) have been delivered to the Producing Party in accordance with the terms of this Protective Order.  In lieu of returning the materials, the Receiving Party may destroy the materials in a manner than will protect the Confidential Information and the destroying party shall certify that it has done so.

**VII.**     **Change in Designation of Information**

A.     Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the Producing Party from designating said document or information as Confidential Information or Highly Confidential Information at a later date.  Any Producing Party may designate as Confidential Information or Highly Confidential Information or withdraw a Confidential Information or Highly Confidential designation from any material that it has produced, provided, however, that such re-designation shall be effective only as of the date of such re-designation. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Such re-designation shall be accomplished by notifying counsel for each party in writing of such re-designation and providing replacement images bearing the appropriate description.  Upon receipt of any re-designation and replacement image that designates material as Confidential Information, the Receiving Party shall (1) treat such material in accordance with this Order; (2) take reasonable steps to notify any persons known to have possession of any such material of such re-designation under this Protective Order; and (3) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under this Protective Order.  It is understood that the Receiving Party's good faith efforts to procure all copies may not result in the actual return of all copies of such materials.

B.     A Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  A Receiving Party may challenge a Producing Party's confidentiality designation or

re-designation by notifying the Producing Party, in writing or in voice-to-voice dialogue, of its good faith belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain, in writing within fourteen (14) calendar days of receiving such a challenge, the basis of the designation.  If a Receiving Party elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party, the Receiving Party shall, in writing, notify the Producing Party that a resolution cannot be reached regarding the confidentiality designation of a document, and the Producing Party shall, within twenty-one (21) calendar days of receiving such notice from the Receiving Party, file and serve a motion that identifies the challenged material and sets forth in detail the basis for the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.  The burden of proof in connection with any such motion shall be on the Producing Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.  If, after the expiration of twenty-one (21) calendar days of receiving notice from the Receiving Party, the Producing Party has not filed a motion with the Court, the designation will automatically be removed.  If a document was originally designated as "HIGHLY CONFIDENTIAL," how it will be designated and treated depends on what the challenge alleges.  If a resolution is reached regarding the confidentiality designation of a challenged document, the Producing Party shall serve on all parties a notice specifying the documents and the nature of the resolution within ten (10) calendar days of reaching the resolution.

**VIII.   <u>Inadvertent Production of Documents</u>**

Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the receiving party in writing within a reasonable period of time from the discovery of the inadvertent production.  If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the Producing Party, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database.  If the Receiving Party elects to file a motion as set forth below, the Receiving Party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below.  If the Receiving Party's motion is denied, the Receiving Party shall promptly comply with the immediately preceding provisions of this paragraph.  No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them.  The party receiving such Inadvertently Produced Documents may, after receipt of the Producing Party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity.

## IX.   <u>**Miscellaneous Provisions**</u>

A.      It is expressly understood by and between the parties that in producing

Confidential Information in this litigation, the parties shall be relying upon the terms and

conditions of this Protective Order.

B.      By written agreement of the parties, or upon motion and Order of the Court, the

terms of this Protective Order may be amended or modified.  This Protective Order shall

continue in force until amended or superseded by express order of the Court, and shall survive

and remain in effect after the termination of this proceeding.

C.      Nothing in this Protective Order shall abridge the right of any person to seek

judicial review or to pursue other appropriate judicial action to seek modifications to this

Protective Order.


**IT IS SO ORDERED**


ENTERED: December 18, 2009                    /s/          *David R. Herndon*

                                                                          Honorable David R. Herndon
                                                                          Chief Judge, United States District Court

23

EXHIBIT A TO STIPULATED PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| | ) | |
| IN RE: YASMIN AND YAZ (DROSPIRENONE) | ) | 3:09-md-02100-DRH-PMF |
| MARKETING, SALES PRACTICES AND PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | MDL No. 2100 |
| | ) | |

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
BY PROTECTIVE ORDER
**The undersigned agrees:**

I declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of Illinois on _____, 2009 in *In re: Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation* (MDL No. 2100).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.   I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except as permitted by the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United Stated District Court for the Southern District of Illinois for the purposes of enforcing terms of this Protective Order, even if such enforcement proceedings occur after termination of these proceedings.

**Date:**_____

**City and State where sworn and signed:**_____

**Printed Name:**_____

**Signature:**_____

24