UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

**ALL CASES**

### CASE MANAGEMENT ORDER NO. 10
### Order Concerning the Redaction of Documents and Claims of Privilege

    A.    To protect against inappropriate disclosure of information subject to the attorney-client or other privilege and Confidential Information or Highly Confidential Information as defined in Case Management Order 7, and to comply with all applicable state and federal laws and regulations, the Defendants may redact from produced documents, materials or other things, or portions thereof, the following items, or any other item(s) agreed upon by the parties or ordered by the Court:

        1.    The names, house number and street on which they live, Social Security numbers, tax identification numbers, e-mail addresses and telephone numbers of patients, health care providers, and individuals enrolled as subjects in clinical studies or adverse event reports. Other general identifying information, however, such as patient or health care provider numbers, shall not be redacted unless required by state or federal law. To the extent a plaintiff's name is

contained in any of these documents, a copy of the documents that have not had the plaintiff's information redacted will be produced directly to counsel for said plaintiff;

2. Highly confidential trade secrets related to the formulation of YAZ / Yasmin / Ocella, unless such formulation also appears in the ANDA for YAZ / Yasmin / Ocella;

3. Materials that contain information protected from disclosure by the attorney-client privilege, the work product doctrine or any other recognized privilege;

4. Highly confidential business and proprietary information related to sales data of the named Defendants, except sales data of YAZ / Yasmin / Ocella;

5. Those portions of documents that contain information relating to Bayer's non-Drospirenone-containing medicines or products. With respect to Drospirenone-containing medicines other than YAZ /Yasmin /Ocella, Defendants may redact those portions of any material that relates to any business strategy, marketing, or sales or that otherwise does not contain safety, adverse event, efficacy, or scientific study information; and

6. The street addresses, Social Security numbers, tax identification numbers, dates of birth, home telephone numbers, and cellular telephone numbers of employees in any records.

B. Defendants shall redact only those portions of a document that are within the scope of the permitted subject-matter set forth in section A, above, and not the entire document or page unless the entire document or page is within such scope.

C. Defendants shall indicate on each redaction a brief, but specific, identifier stating the basis for the redaction, *e.g.* "other product," "employee privacy," "attorney-client privilege." When a redacted document is produced, this identifier will be listed in a "reason for redaction" field included with the objective coding which accompanies the load file for the document production. Where a redaction is subsequently lifted by order of the Court or by agreement of the parties (e.g., subject to a privilege challenge), Defendants shall produce replacement media for that document, including the unredacted TIFF, text or OCR files, and objective coding, with appropriate load files.

D. Every responsive document withheld from production based on a claim of privilege of any kind shall be reflected on a privilege log. All persons named in the privilege log shall be identified as to their business position either in the log or in a separate list. Privilege logs shall be produced on schedule. The Parties will produce privilege logs in Excel format or a similar electronic format that allows text searching and organization of data. A Party will produce a privilege log within 45 days after its first production of documents for which privilege is asserted to apply, and within the same time period following any subsequent or rolling productions. The Parties will, however, agree to reasonable

extensions of that forty-five (45) day deadline if the circumstances of a particular production (*e.g.*, the size of the production or the amount of legal materials reviewed in connection with the particular production) make the forty-five (45) day deadline impracticable.

  E. Privilege logs shall promptly be supplemented under Fed. R. Civ. P. 26 (e)(1) as to any document which becomes producible thereafter.

  F. Plaintiffs may mount a challenge to a redaction or claim of privilege at any time after the redacted document is produced or privilege log is produced and Plaintiffs do not waive their right to challenge a redaction or claim of privilege by electing not to mount a challenge promptly after the redacted document or privilege log is produced. Plaintiffs may challenge a redaction or claim of privilege by notifying the Defendant, in writing of their good faith belief that the redaction or claim of privilege was not proper and must give the Defendant an opportunity to review the challenged redaction or claim of privilege, to reconsider the circumstances, and, if no change in redaction is offered, to explain, in writing within fourteen (14) calendar days of receiving such a challenge, the basis of the redaction or claim of privilege. If Plaintiffs elect to press a challenge to a redaction or claim of privilege after considering the justification offered by the Defendant, the Plaintiffs shall, in writing, notify the Defendant that a resolution cannot be reached regarding the redaction of a document or claim of privilege, and the Defendant shall, within fourteen (14) calendar days of receiving such notice from the Plaintiffs, file and serve a motion that identifies the challenged

redaction and claim of privilege and sets forth in detail the basis for the redaction or claim of privilege.  The burden of proof in connection with any such motion shall be on the Defendant.  If, after the expiration of fourteen (14) calendar days of receiving notice from the Plaintiffs, the Defendant has not filed a motion with the Court, the redaction or claim of privilege shall automatically be removed and an unredacted version or copy of the challenged document shall be provided to the Plaintiffs.

      G.     Plaintiffs retain the right to argue the discoverability of any redacted information and/or to move to compel production of redacted information whether or not such information is covered by the subparagraphs of A above, and Defendants retain the right to object.  Any failure to redact information described above does not waive any right to claims of privilege or privacy or any objection, including relevancy, as to the specific document or any other document that is or will be produced.

                                      **IT IS SO ORDERED**

ENTERED: February 18, 2010      /s/     *David R Herndon*
                                                  Chief Judge
                                                  United States District Court