UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) |
| | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

**ALL CASES**

CASE MANAGEMENT ORDER NO. 11

**AGREED UPON ORDER REGARDING THE PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

This matter, having been opened to the Court by counsel for the Parties, and the Parties having consented, stipulated and agreed to entry of the within Consent Order, and good cause appearing therefore, it is hereby **ORDERED** as follows:

I.   **GENERAL**

This Order governs the preservation of potentially relevant documents, data, and tangible things within the Parties' possession, custody and/or control relevant to allegations and defenses and/or that may lead to the discovery of admissible evidence, in cases filed in or consolidated before this Court in *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation,* Southern District of Illinois, MDL No. 2100, and to every action that is or will in the future become a part thereof (collectively "the Litigation").

## II.     DEFINITIONS

**A.**     As used herein, *"Documents, Data, and Tangible Things"* shall be interpreted broadly to include electronically stored information ("ESI") on hard drives, USB or thumb drives, databases, computers, handheld devices, floppy disks, CD-ROM, magnetic tape, optical disks, or other devices for digital data storage or transmittal, of writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, E-mail, telephone message records or logs, hard drives, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, powerpoints or other demonstrative media, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital records and any transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such  material.  Information that serve to identify or locate such material, such as file inventories, file folders, indices, and metadata, are also included in this definition.  No Party is under an obligation to preserve voicemail or instant messages.

**B.**     As used herein, *"Preservation"* shall be interpreted to accomplish the goal of maintaining the integrity of potentially relevant documents, data, and tangible things and shall include taking reasonable steps to prevent the partial or full destruction, alteration, shredding, or deletion of such materials.

Provided that reasonable steps have otherwise been taken to preserve potentially relevant materials in accordance with this Order, the Parties may continue the practice of rewriting and/or reusing backup tapes and media.  Electronic documents and data will be maintained and preserved in their native format, except as authorized by § V below.  To the extent a party may desire to change the format of preserved materials other than format changes effected in the normal course of business or operations, such party will consult with other parties before making any change.

        **C.**     As used herein the terms, *"Yaz"* and*"Yaz"*, *"Yasmin,"* *"Ocella"*, and/or *"the drug(s)"* means Defendants' oral contraceptive products containing drospirenone and ethinyl estradiol known as Yasmin® and YAZ® (marketed under these names or other names), and the generic equivalent sold by a party other than Defendants under the name Ocella®.  Additionally, "the drugs" is further defined to include Defendants' other products that contain drospirenone ("other DRSP products") whether on the market currently or in development.  Defendants are not obligated to preserve materials relating to any other products except as set forth in paragraph II (C).  The Parties have not agreed on the discoverability of other DRSP products:  the Plaintiffs Steering Committee asserts that discovery regarding Defendants' other DRSP products is appropriate and Defendants disagree with that contention.  This Order shall not be construed as any admission or agreement by Defendants that documents or information relating to other DRSP products are a proper subject of discovery.  The Parties

3

preserve their respective positions as to that discovery issue but Defendants' preservation obligation regarding the other DRSP products attaches immediately.

### III.   GENERAL PRESERVATION OBLIGATIONS – ALL PARTIES

All Parties (with the exception of individual personal injury plaintiffs and the individual plaintiffs serving as putative class representatives in the consumer-based class actions, whose obligations shall be governed by § V) shall take reasonable steps, including the dissemination of Legal Hold Notices to all employees and/or departments reasonably likely to possess information relating to *Yaz®/Yasmin®/Ocella®* or the defenses and the claims at issue in this action, to ensure the preservation of documents, data, and tangible things that are reasonably likely to be the subject of discovery in *the Litigation*.

### IV.   OBLIGATIONS FOR INDIVIDUAL PLAINTIFFS

Based on the disparity in resources and burden, the preservation activities set forth in this section shall fully satisfy the preservation obligations of the individual personal injury Plaintiffs in *the Litigation* and the individual plaintiffs serving as putative class representatives in the consumer-based class actions:

- A.   Preserve all potentially relevant documents, data, and tangible things in their possession concerning *"Yaz" ,"Yasmin," and "Ocella",* and/or *"the drug(s)"*, and all Yaz®/Yasmin®/Ocella® labels, bottles, product packaging, and containers, of any kind.

- B.   Preserve any documents or ESI relating to their use of Yaz/Yasmin/Ocella or their injuries at issue in this litigation that are stored on the hard drive of a computer owned by the Plaintiff.  This obligation does not require a plaintiff to copy or create a duplicate image of the hard drive.  Plaintiff's obligation is fulfilled if the relevant ESI and documents are retained on the hard drive, however, if the computer is replaced the Plaintiff will retain the old computer hard drive or will create and maintain complete hard copies of any

4

such documents that were saved to the hard drive, in order to satisfy their preservation obligation.  If a Plaintiff chooses to create hard copies rather than maintain the hard drive, the Plaintiff will contemporaneously prepare a statement that all ESI relating to her use of Yaz/Yasmin/Ocella was printed to paper and that the ESI was not altered prior to printing, a description of the general nature of the documents/data that were printed, and the date(s) on which this was performed.  Plaintiff will provide the statement to her counsel.

C. Preserve any documents relating to their use of Yaz/Yasmin/Ocella or their injuries at issue in this litigation that are stored on any removable media owned by the Plaintiff. This obligation does not require a plaintiff to copy or create a duplicate image of the media. Plaintiff's obligation is fulfilled if the relevant documents are retained on the media or Plaintiff creates and maintains complete hard copies of any documents on the media.  If a Plaintiff chooses to create hard copies rather than maintain the hard drive, the Plaintiff will contemporaneously prepare a statement that all ESI relating to her use of Yaz/Yasmin/Ocella was printed to paper and that the ESI was not altered prior to printing, a description of the general nature of the documents/data that were printed, and the date(s) on which this was performed.  Plaintiff will provide the statement to her counsel; and

D. Preserve all medical and pharmacy records in their possession or control and records of medical expenses allegedly incurred in connection with use of Yaz®/Yasmin®/Ocella®.

V. **ACCEPTABLE METHODS OF PRESERVATION**

The following methods of preserving Documents, Data, and Tangible things shall satisfy a Party's duty to preserve in the Litigation.  Individual personal injury plaintiffs' obligations are governed by § V, above, and this section is not applicable to such plaintiffs.  individual plaintiffs serving as putative class representatives in the consumer-based class actions obligations are also governed by § V, above and not this section.  A party may select any of the methods set forth under each sub-section A through C as the means to preserve Documents or Data and the decision as to which method to use is at the judgment of the party.

5

### A. E-mail

The Parties shall preserve potentially relevant e-mail communications (including associated attachments) concerning *"Yaz"* and *"Yasmin,"* and/or *"the drug(s)"* of employees and/or departments receiving a Legal Hold Notice by either:

(1) Maintaining one set of back-up tapes for implicated servers;

(2) Creating an electronic snapshot of implicated servers; or,

(3) Maintaining email files on a server or within an electronic archive that is not subject to a deletion schedule.

Furthermore, the Parties shall immediately disable auto-delete features in any such servers, and terminate all deletion policies and schedules for all such servers by issuing a litigation hold notice to all employees and/or departments that are reasonably likely to possess information relating to *Yaz®/Yasmin®/Ocella®* or the defenses and the claims at issue in this action.

### B. Databases

The Parties shall preserve potentially relevant data concerning *"Yaz"*, *"Yasmin," "Ocella",* and/or *"the drug(s)"* held in databases by either:

(1) Maintaining such data in accessible electronic systems that are not subject to a deletion schedule; or

(2) Creating an electronic snapshot of relevant database servers;

(3) Maintaining one set of back-up tapes for relevant database servers; or, servers.

6

Furthermore, the Parties shall immediately disable auto-delete features in any such database, and terminate all deletion policies and schedules for all such databases by issuing a litigation hold notice to all employees and/or departments that are reasonably likely to possess information relating to *Yaz®/Yasmin®/Ocella®* or the defenses and the claims at issue in this action.

### C.     Electronic documents contained in Shared or Home Directories

Where potentially relevant electronic documents in shared or home directories (e.g., word processing documents, spreadsheets, and PowerPoint presentations) are subject to a deletion schedule, the parties shall preserve potentially relevant documents concerning *"Yaz"* and *"Yasmin,"* and/or *"the drug(s)"* contained in shared and home directories by either:

(1) Maintaining such directories and files contained therein in accessible electronic systems that are not subject to a deletion schedule; or

(2) Creating an electronic snapshot of relevant shared drive or home directory servers; or,

(3) Maintaining one set of back-up tapes for relevant servers.

Furthermore, the Parties shall immediately disable auto-delete features in any such directories, and terminate all deletion policies and schedules for all such directories by issuing a litigation hold notice to all employees and/or departments that are reasonably likely to possess information relating to *Yaz®/Yasmin®/Ocella®* or the defenses and the claims at issue in this action.

## VII. RESERVATION OF RIGHTS

The Parties do not concede that any of the information subject to this Consent Order is discoverable, relevant, or admissible, and the Parties expressly reserve the right to challenge any specific discovery request concerning any such information. The Parties also reserve the right to challenge the competency, relevance, materiality, privilege, and/or admissibility into evidence of such documents, information, or material in these or any subsequent proceedings or at the trial of these or any other actions, in this or any other jurisdiction.

**IT IS SO ORDERED.**

Dated February 18, 2010.

/s/ David R Herndon
Chief Judge
United States District Court