**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | ) | |
|---|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, | ) | 3:09-md-02100-DRH-PMF |
| SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | MDL No. 2100 |
| | ) | |

**This Document Relates to:**

**ALL CASES**

## ORDER # 12
## CASE MANAGEMENT
## (PFS)

A.  **Plaintiff Fact Sheet, Authorizations and Responsive Documents.**

1.   The parties have agreed upon a Plaintiff Fact Sheet ("PFS") that includes document requests in Section XII and a variety of Authorizations. See Exhibit 1. Each Plaintiff shall produce to Defendants a completed PFS, executed Authorizations and documents responsive to Section XII of the PFS ("Responsive Documents") pursuant to the terms of this Order.

2.   A completed PFS, which requires that each Plaintiff sign the Declaration in Section XIII, shall be considered to be interrogatory answers and responses to requests for production under the Federal Rules of Civil Procedure, and will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure. Accordingly, Defendants' use of the PFS is in lieu of interrogatories and other discovery devices that they would otherwise have propounded. As set forth below in Section C, each PFS that is completed must be substantially complete. The PFS questions and requests for production have been negotiated and agreed to by the parties. All objections to the admissibility of information contained in the PFS are reserved and therefore no objections shall be lodged in the responses to the questions and requests contained in the PFS.

3.   Nothing in this section prohibits a Plaintiff from withholding or redacting information based upon a recognized privilege. If information is withheld or redacted on the

basis of privilege, Plaintiff shall provide Defendants with a privilege log. In the event that a dispute arises concerning the completeness or adequacy of a Plaintiff's response to any request contained in the PFS, this section shall not prohibit the Plaintiff from asserting that his or her response is adequate.

4. Nothing in the PFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure. The admissibility of information in responses to the PFS shall be governed by the Federal Rules and no objections are waived by virtue of any PFS response.

B. **Schedule of Production of PFSs.**

1. Each Plaintiff whose case is currently docketed in this Court or whose case becomes part of this MDL after the date of entry of this Order shall have 45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later, to produce to Defendants a completed PFS, executed Authorizations and Responsive Documents. As to cases transferred to this MDL after the date of this Order, Defendants will send timely notice by first-class mail of entry of the Transfer Order in the MDL-2100 docket to Plaintiff's counsel identified on the "Involved Counsel" service list provided by the JPML, and will inform Plaintiff's counsel that, pursuant to this Order, Plaintiff has 45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, whichever is later, to produce to Defendants a completed PFS, executed Authorizations and Responsive Documents.

2. Plaintiffs who file a case directly in the Southern District of Illinois are hereby on notice that, pursuant to this Order, each Plaintiff has 45 days from the date of service of the first answer to her Complaint to produce to Defendants a completed PFS, executed Authorizations and Responsive Documents.

3. Service of the PFS shall be either in hard-copy or in an electronic format on CD via first class mail, addressed to Defendants' Counsel at:

> YAZ MDL Plaintiff Fact Sheet
> c/o Susan A. Weber, Esq.
> Sidley Austin LLP
> One South Dearborn
> Chicago, IL  60603

C. **PFSs Must Be Substantially Complete In All Respects.**  Every Plaintiff is required to provide Defendants' Counsel (as set forth above) with a PFS that is substantially complete in all respects.  Substantially complete in all respects requires that a Plaintiff:

1. Answer all applicable questions in the PFS (Plaintiff may answer questions in good faith by indicating "not applicable" or "I don't know" or "Unknown";

2. Include a signed Declaration (found at Section XIII of the PFS);

3. Provide duly executed record release Authorizations; and

4. Produce the documents requested in the PFS, to the extent such documents are in Plaintiff's possession.

D. **Authorizations For The Release Of Records.**

1. As set forth above, Authorizations for the Release of Records together with copies of such records, to the extent that those records or copies thereof are in the Plaintiff's possession, shall be provided along with the PFS at the time that the Plaintiff is required to serve a PFS pursuant to this Order

2. In addition to the addressed Authorizations described above, Plaintiff's counsel shall also maintain in their file unaddressed, executed Authorizations.  Plaintiff's counsel shall

3

provide executed Authorizations to Defendants' counsel within 21 days of a request for Authorizations.

3. Undated Authorizations constitute permission for Defendants to date (and where applicable, re-date) Authorizations before sending to records custodians. Should Plaintiffs provide Authorizations that are dated, this shall not constitute a deficiency or be deemed a substantially non-complete PFS.

4. In the event that an institution or medical provider to whom any Authorization is presented refuses to provide records in response to that Authorization, Defendants shall notify Plaintiff's individual representative counsel. Should a particular form be required, Defendants will provide it to Plaintiff's individual representative counsel. The individual Plaintiff shall execute and return within 21 days whatever form is required by that institution or provider.

5. Defendants' record copy service shall have the right to contact institutions or medical providers to follow-up on medical record copying or production.

E. **Non-compliance with PFS Requirements.**

1. Any Plaintiff who fails to comply with her PFS obligations under this Order may be subject to having her claims, as well as any derivative claim(s), dismissed. If Defendants have not received a completed PFS from a Plaintiff within 20 days following the due date set forth herein, Defendants will send a Notice of Overdue Discovery to Plaintiff's counsel identifying the discovery overdue and stating that, unless the Plaintiff complies with the Court's discovery orders, the case may be subject to dismissal. If Defendants have not received a completed PFS within 21 days after serving a Plaintiff with a 20-day notice, Defendants may move the Court for an Order dismissing the Complaint without prejudice. Plaintiff shall have 14 days from the date of Defendants' motion to file a response either certifying that the Plaintiff has served upon Defendants and Defendants have received a completed PFS, and attaching appropriate documentation of receipt or an opposition to Defendants' motion. If a Plaintiff files such a notice, the Plaintiff's claims shall not be dismissed. Unless Plaintiff has served

4

Defendants with a completed PFS or has moved to vacate the dismissal without prejudice within 60 days after entry of any such Order of Dismissal without Prejudice, the order will be converted to a Dismissal With Prejudice upon Defendants' motion.

F.  **Copies of Records.**  Defendants or their designee shall make available all records obtained by use of Authorizations to the attorney of record for each individual Plaintiff within 30 days of the receipt of the records.  The parties shall meet and confer concerning the mechanism for providing copies of medical records and the payment for such copies.

G.  **Defendant Fact Sheet**. A separate Case Management Order to govern a Defendant Fact Sheet ("DFS") shall be submitted to the Court shortly.

Dated: March 3, 2010            /s/       *David R Herndon*

                                Honorable David R. Herndon
                                Chief Judge, United States District Court

MO792463