UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE YASMIN AND YAZ ) | |
| (DROSPIRENONE) MARKETING, ) | 3:09-md-02100-DRH-PMF |
| SALES PRACTICES AND PRODUCTS ) | |
| LIABILITY LITIGATION ) | MDL No. 2100 |
| ) | |

## CMO NO. 13 GOVERNING THE FORMAT OF PRODUCTION

**WHEREAS**, representatives of the Plaintiffs' Steering Committee ("PSC") and Defendants' Steering Committee ("DSC"), have met and conferred on the procedures and format relating to the production of documents and things, and having agreed on a format for all such productions, it is **SO ORDERED**:

1. General Format of Production. All documents produced by Defendants in this litigation shall be produced as electronic images with associated text files, metadata, and objective coding or as native files as described herein.

2. Production of Electronic Images and Associated Data. Except as limited in this paragraph or as described in paragraph 3, all documents that originally existed in electronic or hard-copy form that are produced in these proceedings shall be produced in electronic image form in the manner provided herein. To the extent exceptions to foregoing are required, the parties will meet and confer to discuss alternative production requirements, concerns, or formats. Each document produced pursuant to this Order shall convey the same information in the electronic image(s) produced as the original document. Documents that present imaging or

formatting problems shall be promptly identified and the parties shall meet and confer to attempt to resolve the problems.

(a) <u>Document Image Format</u>. All production document images, whether scanned from hard copy documents or generated from native electronic documents, shall be provided as single-page Tagged Image File Format (".tiff format"), using Group 4 compression at 300 dpi resolution, and shall reflect, without visual degradation, the full and complete information contained in the original document. Document productions will be accompanied by a load file in a format compatible with Concordance, which shall include information about where each document begins and ends to facilitate use of the produced images in a document management or litigation support database system. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

(b) <u>Document Unitization.</u> Each page of a hard copy document shall be scanned into an image and if a document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file. For documents that contain fixed notes, the pages will be scanned both with and without the notes and those pages will be treated as part of the same document. The relationship of documents in a document collection (*e.g.*, cover letter and enclosures, email and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process. If more than one level of parent-child relationship exists, documents will be kept in order, but all will be treated as children of the initial parent document. Such information (including email threading when such functionality becomes available in the document processing system used by Defendants but in any event by April 15, 2010), shall be produced in the load file and Objective

Coding, as hereafter defined, in a manner to enable the parent-child relationship among documents in a document collection to be reconstituted by the Receiving Party in commercially available document management software, such as Concordance.

    (c) <u>Color.</u>  If an original document contains color, the Defendants shall not deny reasonable requests for color copies of the original.

    (d) <u>Duplicates.</u>  Where a single document custodian has more than one identical copy of a document (*i.e.*, the documents are visually the same and contain the same electronic text), Defendants need only produce a single copy of that document.  Where multiple document custodians each possess their own copies of an identical document, the document shall be produced once for each custodian in possession of the document.  If a duplicate document exists that is part of a document family, the duplicate will only be removed, pursuant to the terms of this paragraph, if the entire family is removed as a duplicate, *i.e.* a single document will not be removed from a family even if it is a duplicate.

    (e). <u>Bates Numbering and Source Index.</u>  Each page of a produced document shall contain a legible, unique identification number ("bates-number") and confidentiality notice, where applicable, which will be electronically burned onto the page image in a manner that does not obliterate, conceal, obscure, or interfere with any information from the source document.  No other stamp or information will be placed on a document other than bates-number, confidentiality notice, and any redactions (consistent with Case Management Order No. 10 regarding Redactions of Documents in this matter).  This provision does not apply to databases or documents produced in native electronic format.  All bates-numbers shall contain a prefix identifying the company producing the document (e.g. BHCP, BSPAG).  Defendants will

provide a master index listing the custodian name for employee file materials, or description of the source or type of materials for non-employee sources, and will specify the associated bates number range(s) for each source or custodian. The master index will be updated and provided with each new document production. Corrections or changes to information in prior master indexes will be noted. Defendants will provide a certification on the master index that the bates number range(s) associated with a particular custodian or source is correct and that a document bearing bates numbers within such range(s) came from the paper or electronic files of the source or custodian identified with that bates range(s). The master index may be used in depositions, and may be admitted at trial for the purpose of establishing, by the bates number, the source of any document that was produced by Defendants and admitted into evidence.

        (f)    <u>File Naming Conventions.</u>  Each page image file shall be named with the unique Bates Number of the page of document, followed by the extension ".TIF." In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

        (g)    <u>Production Media.</u>  Document productions will be made on CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each piece of Production Media shall identify a production number corresponding to the production "wave" the documents and the Defendants on the Production Media are associated with (*e.g.*, for Bayer HealthCare Pharmaceuticals, Inc., "BHCP001"; "BHCP002"), as well as the volume of the material in that production wave (*e.g.*, "-001"; "-002"). For example, if the first production wave by a party comprises document images on three hard drives, that party shall label each hard drive in the

4

following manner in numeric sequence: (*e.g*., for Bayer Corporation, "BAY001-001"; "BAY001-002"; "BAY001-003.") Additional information that shall be identified on the physical Production Media shall include: (1) the case name in which it is produced, and (2) the producing party's name. The production volume number, the production date, the type of materials on the media (*e.g*., "Documents", "OCR Text", "Objective Coding", etc.), the sources/custodians, and the Bates Number range(s) of the materials on the Production Media for the sources/custodians will be provided in an accompanying transmittal letter.

(h) <u>Objective coding, OCR, and Metadata</u>. Defendants will provide objective coding information in a load file included in the production discs as described below with each production. Defendants may review and, where necessary, revise or redact objective coding if it contains privileged or work product information so long as all revisions or redactions are individually noted on the privilege log.

(i) <u>Meta-Data.</u> For images generated from native electronic documents, Defendants shall produce with each production of documents an ASCII text file, appropriately delimited, setting forth the meta-data electronically extracted from each document corresponding to the fields in Exhibit A to this Order (where available).

(ii) <u>OCR/Extracted Text</u>. Defendants shall produce corresponding Optical Character Recognition (OCR) text files for all hard-copy documents and any electronic documents that require redaction prior to production. For documents that exist natively in electronic format that have not been redacted and that are produced as images, Defendants shall produce extracted text files reflecting the full text that has been electronically extracted from the original, native electronic files. The OCR

and extracted text files shall be produced in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions herein. These text files will be named with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt." The OCR and extracted text files shall be produced in a manner suitable for importing the information into commercially available document management or litigation support software such as Concordance.

(iii) <u>Objective Coding.</u> If Defendants choose to objectively code certain hard copy documents after the production of such documents, Defendants shall provide the objective coding to the PSC as soon as it is available. The objective coding, if any, shall be provided to the PSC as it was received by Defendants from the entity doing the coding. All parties reserve any arguments of what evidentiary value, if any, objective coding has. The meta-data and objective coding (collectively, "Objective Coding") shall be labeled and produced on Production Media in accordance with the provisions herein, and shall be provided in a manner suitable for importing the information in a commercially available document management or litigation support software such as Concordance. If Plaintiffs have problems importing and using the Objective Coding for document management, the parties shall meet and confer to attempt to resolve the problems.

(1) To the extent that Plaintiffs produce electronic documents and/or create coding information for paper documents for Plaintiffs' own use, Plaintiffs will provide objective coding in the format as set forth in paragraphs (ii) and (iii) above.

Plaintiffs may review and, where necessary, revise or redact objective coding if it contains privileged or work-product information.

(2) With respect to objective coding information provided for paper documents, the Parties will make reasonable efforts to provide accurate information but the Parties do not certify the reliability, accuracy or completeness of objective coding as to any particular paper document. Objective coding of paper documents is not evidence and may not be used by any party for any purpose other than document management in this litigation.

(iv) Objective coding information for electronic documents will be derived from metadata associated with the document. However, the Parties understand that metadata differs between types of electronic documents and that particular electronic documents may not contain metadata for all of the fields described in Exhibit A. Other than information described in Exhibit A, Defendants are not required to provide other metadata that may be associated with an electronic document.

3. <u>Native Format Productions</u>. Defendants shall not deny reasonable requests for native format productions on a document-by-document basis. Where produced, native file productions shall include related searchable text, metadata and load file data, consistent with the provisions contained herein. To the extent that Plaintiffs request a native format production of a document that was produced in .tiff image format and that contains any redaction, the parties will confer on the process by which the Defendants shall provide the native file and a process appropriately protects the redacted information and to otherwise preserve the redaction(s).

      (a)    For all Production Media containing native format productions, Defendants shall provide an index, in the form of an Excel spreadsheet, containing the following information:

1. A unique hash mark or identification number for each native file document;

2. The directory and sub-directory location for each document;

3. Creation date for each file;

4. Last Modification date for each file;

5. File size for each file; and

6. A reference or Bates number for each document that corresponds with its assigned hash mark or identification number.

Native files shall be produced with corresponding Concordance load files.

      (b)    <u>Databases</u>.  Prior to production of any database, the Parties will meet and confer regarding the discoverability and feasibility of any request for production of a database including the form and content of any such production. Defendants will make reasonable efforts to produce responsive information and data from electronic databases that operate with generally available software in native database format (including data and schema) where practical and feasible.  Where such production is not practical or feasible, the Parties will confer upon an appropriate form of production.  The Court's assistance regarding the discoverability, form, and scope of production of data from a database may only be sought after the parties have failed to reach agreement after good-faith discussion.

      4.    <u>Original Documents</u>.  Defendants shall retain the original hard-copy and native source documents in their original format (together with, except as may be otherwise expressly agreed among the parties, the means to access, retrieve, and view such documents; however, the original hardware does not have to be kept) for all documents produced in this proceeding. Defendants shall, consistent with the Preservation Order entered in this matter, maintain the original native electronic source documents in a manner so as to preserve the "metadata" associated with these electronic materials in the event review of such metadata becomes necessary.  Subject to preservation of appropriate privileges and other protections of Defendants' information from production in accordance with applicable law, upon reasonable request after any necessary meet and confer, where a document existed originally in only hard copy format, Defendants will make originals of any produced document available for inspection by the requesting party in the form in which such documents are kept in the ordinary course of business.

8

5. <u>Production of Other Electronic Documents</u>.  This Order only applies to the production of the following categories of electronic documents: emails (and any associated attachments), word processing documents, spreadsheets, presentations, and imaged documents (in any format).  The parties shall meet and confer to agree on the form of any production of electronic documents other than the foregoing.

6. <u>Translated Documents.</u>   If any document produced by Defendants has an English language translation in the custodial or source file from which the document was produced, Defendants will produce both the original non-English document as well as the translation.

**ORDERED AND ADJUDGED** this 3rd day of March, 2010.

/s/      *David R. Herndon*

Honorable David R. Herndon
Chief Judge, United States District Court

## EXHIBIT A

| Field Name | General description |
|---|---|
| Source | Custodian name or name of source/type of materials |
| StartBates | Starting Bates number for document |
| EndBates | Ending Bates number for document |
| FamRngStart | Starting Bates number for family |
| FamRngEnd | Ending Bates number for family |
| DocType | Type of document |
| Date Mod/Sent | Modified time of electronic files/sent time of messages |
| Title | Name of file |
| From | From field from message |
| To | To field from message |
| CC | CC field from message |
| BCC | BCC field from message |
| DtLastAccessed | Last access date of document |
| Author-Metadata | Author metadata field for document |
| APPName | Application used to open document |
| DateLastSaved | Date the document was last saved |
| Location | Logical path to document from source media |
| FileName | File name |
| Subject | Subject field from message |
| EmbeddedDoc | 3 has embedded doc, 2 no embedded doc, 1 doc type not processable |
| HasNotes | Lists whether a document has notes or not |
| TrackedChanges | Lists whether a document has tracked changes or not |
| OLEAuthor | Author OLE metadata field (not file system metadata) |
| OLEComments | Comments OLE metadata field (not file system metadata) |
| OLECreateDate | Create date OLE metadata field (not file system metadata) |
| OLESubject | Subject OLE metadata field (not file system metadata) |
| OLETitle | Title OLE metadata field (not file system metadata) |
| WordDisplay | Display mode for Word documents |
| DateAccessed | Date accessed metadata field |
| Attributes | Indicates file attributes such as read only, hidden, etc... |
| CreateDate | Create date metadata field |
| Extension | File extension |
| FileSize | File size |
| ConversationTopic | MAPI property from Outlook message files, normalized version of subject |
| CustodianEmailAddress | Email address collected that belongs to the custodian |
| EmailDateCreate | Date email was created |

| | |
|---|---|
| EmailDateReceived | Date email was received |
| FlagDueBy | Email due by flag |
| Flags | Email flag field |
| FlagStatus | Email flag status field |
| FollowUpFlag | Email follow up flag field |
| FromDomain | Domain email was from (from header information) |
| Importance | Email importance field |
| InternetID | Instant message identifier |
| LastModificationTime | Last modified time metadata field |
| ModifiedFlag | Modified flag metadata field |
| MeetingStartTime | Meeting start time for calendar items |
| NormalizedSubject | Normalized version of the subject |
| OriginatorDeliveryReportRequested | Email delivery report requested |
| Priority | Email priority |
| ReadFlag | Email read flag |
| ReadReceiptRequested | Email read receipt requested |
| ResponseRequested | Email response requested |
| Sensitivity | Email sensitivity metadata |
| SentByReceiverFlag | Email sent by receiver |
| SentFlag | Email sent flag |
| Type | Type of document (indicates mail items) |
| Confidential | Document has been designated Confidential |
| Highly Confidential | Document has been designated Highly Confidential |
| Redaction Type | Reflects if redaction has been made on document and reason(s) |
| Language | Primary and secondary (if any) language of document |

11